UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| CARL STOVALL, KYLE BENTON, ANGEL GARZA, JARRED KINNEY ROBERT PERDUE, JR., and LADON TITUS, On Behalf of Themselves and All Others Similarly Situated<br><br>v.<br><br>RAIDER PRESSURE PUMPING, LLC and KYLE LEWIS | Civil Action No. 7:17-cv-7<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## COMPLAINT

Plaintiffs CARL STOVALL ("Stovall"), KYLE BENTON ("Benton"), ANGEL GARZA ("Garza"), JARRED KINNEY ("Kinney"), ROBERT PERDUE, JR. ("Perdue") and LADON TITUS ("Titus") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against RAIDER PRESSUE PUMPING, LLC ("Raider") and KYLE LEWIS ("Lewis") collectively ("Defendants"), and plead as follows:

### Summary

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' mis-classification of Plaintiffs as employees exempt from the overtime requirements of the FLSA and their resulting failure to pay Plaintiffs time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek.

2. Plaintiffs file this lawsuit on behalf of themselves and as an FLSA collective action on behalf of all other similarly situated individuals.

3. The scope of the individual and collective action members in this lawsuit are limited to individuals who worked as "helpers" and "supervisors" at/from/through Defendants' West Texas Division for the time period of three years preceding the date this lawsuit and forward.

4. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and pre-and post-judgment interest.

## Parties

### A. Plaintiff Carl Stovall

5. Stovall is an individual resident of Parker County, Texas and a former employee of Defendants.

6. Stovall worked as a helper and a supervisor in Defendants' West Texas division from approximately October 2013 to November of 2015 and then from approximately September 2016 to October 2016. He was paid a salary of $72,000 per year as a helper and $80,000 per year as a supervisor. Defendants classified Stovall's positions as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of forty in a given seven-day workweek. On average, Stovall worked 90 hours each seven-day workweek.

### B. Plaintiff Kyle Benton

7. Benton is an individual resident of Parker County, Texas and a former employee of Defendants.

8. Benton worked as a supervisor in Defendants' West Texas division from approximately August of 2014 to November of 2015, and was paid a salary of $90,000 per year. Defendants classified Benton's position as exempt from the overtime requirements of the FLSA and

did not pay him overtime for hours worked in excess of forty in a given seven-day workweek. On average, Benton worked 98 hours each seven-day workweek.

**C. Plaintiff Angel Garza**

9. Garza is an individual resident of Parker County, Texas and a former employee of Defendants.

10. Garza worked as a Supervisor in Defendants' West Texas division from approximately October of 2013 to October of 2016, and was paid a salary of $99,000 per year from October of 2013 to March of 2015 and $72,000 from March 2015 to October of 2016. Defendants classified Garza's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of forty in a given seven-day workweek. On average, Garza worked 90 hours each seven-day workweek.

**D. Plaintiff Jarred Kinney**

11. Kinney is an individual resident of Parker County, Texas and a former employee of Defendants.

12. Kinney worked as a helper and supervisor in Defendants' West Texas division from approximately October of 2013 to June of 2015, and was paid a salary of $76,000 per year as a helper and $90,000 per year as a supervisor. Defendants classified Kinny's positions as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of forty in a given seven-day workweek. On average, Kinney worked 94 hours each seven-day workweek.

**E. Plaintiff Robert Perdue, Jr.**

13. Perdue is an individual resident of Parker County, Texas and a former employee of Defendants.

14. Perdue worked as a helper and supervisor in Defendants' West Texas division from approximately August of 2014 to October of 2016, and was paid a salary of $80,000 per year as a helper and $64,800 per year as a supervisor. Defendants classified Perdue's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of forty in a given seven-day workweek. On average, Perdue worked 98 hours a week each seven-day workweek.

### F. Plaintiff LaDon Titus

15. Titus is an individual resident of Conway County, Arkansas and a former employee of Defendants.

16. Titus worked as a helper in Defendants' West Texas division from approximately November of 2015 to June of 2016 and then from July of 2016 to October of 2016. He was paid a salary of $55,000 per year. Defendants classified Titus's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of forty in a given seven-day workweek. On average, Titus worked 98 hours each seven-day workweek.

### G. Collective Action Members

17. The putative collection action members are all current and/or former employees of Defendants who worked as "helpers" and/or "supervisors" at/from/through Defendants' West Texas Division for the time period of three years preceding the date this lawsuit and forward, and who are or were paid a salary, and who are or were not paid time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek ("Collective Action Members").

18. All of the Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

19. The precise size and identity of the proposed Collective Action Members should be ascertainable from the business records, tax records, and employee records of Defendants.

**H. Defendant Raider Pressure Pumping, LLC**

20. Raider Pressure Pumping, LLC is an Oklahoma limited liability company registered to do business in the State of Texas with its principle place of business in Texas located in Granbury, Hood County, Texas. Raider may be served with process by serving its registered agent, Kyle Lewis at 10319 Ravenswood Road, Granbury, TX 76049.

21. During all relevant times to this lawsuit, Raider has done business in the State of Texas.

22. Raider maintains multiple district houses/yards in Texas from which it offers pressure pumping services to the oilfield industry. Those district houses/yards include locations in San Angelo and Midland, which shall collectively be referred to herein as Raider's West Texas Division. Plaintiffs and the putative collection action members worked at/from/through Raider's West Texas Division.

23. At all times relevant to this lawsuit, Raider has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times relevant to this lawsuit, Raider employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Examples of that commerce include pressure pumping services and other services provided by Raider to customers in Texas and states other than Texas and communications by phone, mail, and internet with customers and prospective customers in Texas and states other than Texas.

25. Furthermore, Raider employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include drilling pump trucks and tools, equipment, and supplies used in connection with checking oil and water levels.

26. On information and belief, at all times relevant to this lawsuit, Raider has had annual gross sales or business volume in excess of $500,000.

### I. Defendant Kyle Lewis

27. Kyle Lewis is an individual resident of the State of Texas who may be served at 10319 Ravenswood Road, Granbury, TX 76049. Lewis served as Raider's Chief Executive Officer at all times relevant to this complaint and: a) possessed the power to hire and fire Raider's employees; b) supervised and controlled work schedules or conditions of Raider employees' work; c) determined the rate or method of paying Raider's employees; and d) maintained Raider's employee records. Therefore, Lewis is an employer as defined by 29 U.S.C. § 203(d) and along with Raider, employed or jointly employed Plaintiffs and the Collective Action Members.

28. Hereinafter, Raider and Lewis will collectively be referred to as "Defendants". Defendants are joint employers pursuant to 29 C.F.R. § 791.2. Because of Defendants' joint operating control over Plaintiffs and the Collective Action Members, Defendants are responsible, jointly and severally, for compliance with all of the applicable provisions of the FLSA, including overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## Jurisdiction and Venue

29. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

30. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas, and Lewis resides in Texas.

31. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely 29 U.S.C. §§ 201-219.

32. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district. Plaintiffs and the Collective Action Members were employed by Defendants in this District, and at all relevant times, Defendants transacted business in this District.

33. Venue is proper in the Midland Division of the United States District Court for the Western District of Texas because, a substantial part of the events giving rise to Plaintiffs' claims occurred in this Division and Defendants maintained or maintains business operations within the Midland Division.

**Factual Background**

34. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

35. Plaintiffs primarily provided oilfield pressure pumping services and related work as employees of Defendants. Plaintiffs' primary work was manual labor in connection with oilfield work in and around Midland County and Tom Green County, Texas. Defendants provided Plaintiffs with housing in San Angelo and Midland, depending on the specific location of their work in a given week.

36. The supervisor's primary job duties included performing maintenance on the trucks, generating job tickets, communicating with company members, including Defendant, Kyle Lewis,

overseeing the movement and transportation of the trucks, keeping the trucks Department of Transportation ready, and filling in for the helpers when needed. Supervisors did not have the authority to hire or fire employees.

37. The helper's primary job duties included driving the pump trucks, opening and closing valves, checking for leaks, checking oil levels, and checking water levels in the tanks.

38. Plaintiffs' job duties were routine and primarily consisted of manual labor. They relied on their hands, physical skills, and energy to perform manual and routine labor in the oilfield on a daily basis.

39. Plaintiffs' duties did not include managerial responsibilities or the exercise of independent discretion or judgment. Further, Plaintiffs' duties did not concern work directly related to the management or general business operations of Defendants' business or of the businesses of Defendants' customers.

40. Plaintiffs did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

41. Plaintiffs did not supervise two or more employees. Rather, Plaintiffs worked in two man teams on a daily basis, which included one "supervisor" and one "helper".

42. Defendants paid Plaintiffs a salary in the approximate amounts previously stated. However, Plaintiffs' salaries were cut by 20% in March of 2015 and again by another 10% in July of 2015.

43. Plaintiffs worked long hours. Specifically, Defendants regularly scheduled Plaintiffs for a minimum of twelve hour shifts; however, they typically worked an average of 90 or more hours each seven day workweek, and were on call all of the time.

44. During their employment with Defendants, Plaintiffs worked with numerous other employees of Defendants at/from/through the West Texas Division. Like Plaintiffs, those other employees were paid a salary and were subject to the aforementioned practice/policy of Defendants to not pay them overtime, despite working an average of 90 or more hours each seven-day workweek.

45. As such, Plaintiffs and the Collective Action Members were non-exempt employees under the FLSA, and when they worked more than 40 hours in a seven-day workweek, they were entitled to be paid overtime premium compensation at time and one-half their respective regular rates of pay for each and every hour worked over 40. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325.

## FLSA Claims

46. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

47. All conditions precedent to this suit, if any, have been fulfilled.

48. Defendants are/were joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At relevant times, Defendants are/were eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

50. At relevant times, Defendants are/have been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

51. Each Plaintiff and Collective Action Member working out of/assigned to Defendants' West Texas Division was an employee of Defendants. 29 U.S.C. § 203(e).

52. Under the FLSA, employers must pay their employees overtime wages if employees work more than forty hours a week. However, the FLSA exempts from these overtime requirements

"any employee employed in a bona fide ... administrative[ ] or professional capacity." *Clark v. Centene Co. of Texas, L.P.*, 656 F. App'x 688, 690 (5th Cir. 2016); see 29 U.S.C. § 207(a); see also 29 U.S.C. § 213(a)(1).

53. The DOL's regulations define an administrative employee as an individual (1) who is "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week";6 (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." *Clark v. Centene Co. of Texas*, L.P., 656 F. App'x 688, 691 (5th Cir. 2016); 29 C.F.R. § 541.200(a).

54. The professional exemption applies when an employee's primary duty satisfies three elements: "(1) The employee must perform work requiring advanced knowledge; (2) The advanced knowledge must be in a field of science or learning; and (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction." *Clark v. Centene Co. of Texas, L.P.*, 656 F. App'x 688, 693 (5th Cir. 2016); 29 C.F.R. § 541.301(a).

55. Plaintiffs and the Collective Action Members are/were paid a salary by Defendants.

56. Plaintiffs and the Collective Action Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendants during the time period relevant to this lawsuit.

57. Plaintiffs job duties were routine and primarily consisted of manual labor. They relied on their hands, physical skills, and energy to perform manual and routine labor in the oilfield on a daily basis.

58. Plaintiffs duties did not include managerial responsibilities or the exercise of independent discretion or judgment. Further, Plaintiffs duties did not concern work directly related to the management or general business operations of Defendants' business or of the businesses of Defendants' customers.

59. Plaintiffs did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

60. Plaintiffs did not supervise two or more employees. Rather, Plaintiffs worked in two man teams on a daily basis, which included one "supervisor" and one "helper".

61. Defendants are/were required to pay Plaintiffs and the Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325.

62. Defendants failed to pay Plaintiffs and Collective Action Members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

63. The regular rate of pay for Plaintiffs and the Collective Action Members must be calculated by considering their respective hourly rates, even though they were paid on a salary basis. 29 C.F.R. §§ 778.108-109, 778.113-114, 778.325.

64. Defendants did not make and keep an accurate record of all hours worked by Plaintiffs and the Collective Action Members as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

65. The Collective Action Members are similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

66. Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, Defendants were aware that Plaintiffs and the Collective Action Members were not paid for hours worked over 40 in a workweek. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA. The decision and practice by Defendants to not by overtime was neither reasonable nor in good faith. Accordingly, Plaintiffs and the Collective Action Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one and a half times their regular rate of pay, plus liquidated damages, attorney's fees, costs, pre and post judgment interest and all other damages available for Defendants' failure to pay overtime wages owed.

67. Plaintiffs and the Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

## FLSA Collective Action

68. Where, as here, the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also, Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

69. Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former individuals who worked as "helpers" and "supervisors" at/from/through Defendants' West Texas Division for the time period of three years preceding the date this lawsuit and forward who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek.

70. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

71. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## Jury Demand

72. Plaintiffs demand a jury trial on all matters properly triable thereto.

## Damages and Prayer

73. Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

   d. Legal fees;

   e. Costs;

   f. Pre-and Post-judgment interest;

   g. All other relief to which Plaintiffs and the Collective Action Members are entitled.

[Signature Page Follows]

Dated January 13, 2017.

                                          Respectfully submitted,

                                          /s/ *John M. Rogers*

| | |
|---|---|
| John M. Rogers | 17177250 |
| Alyssa S. Turner | 24093784 |

ROGERS, LLP
409 West 4th Street, Ste. 102
Post Office Box 2530
Weatherford, TX 76086
817.341.9300
817.341.9301 fax
john.rogers@rogersllp.com
alyssa.turner@rogersllp.com

ATTORNEYS FOR PLAINTIFFS